[Civil No. 1001.   Filed March 27, 1907.]

[95 Pac. 89.]

LILLIE G. GILL, Plaintiff and Appellant, v. MANHATTAN LIFE INSURANCE COMPANY, Defendant and Appellee.

1. INSURANCE—CONTRACT—LIMITATION OF ACTION BY—ENFORCEABLE.— An agreement in a contract of insurance, limiting the time within which an action may be brought thereon to a period less than that prescribed by the statute of limitations, will be enforced.

2. SAME—SAME—INCORPORATION OF TERMS BY REFERENCE.—Terms may be incorporated in a policy of insurance by reference, and when so incorporated, they will be enforced as part of the contract of insurance.

3. SAME—SAME—LIMITATION—BINDING ON INFANT.—A limitation in a contract of insurance, providing that action upon the policy must be brought within two years, is a matter of contract, and not a matter of statute, and it applies to an infant as effectually as to one who has attained majority.

4. PLEADING—CONCLUSIONS OF LAW—DEMURRER DOES NOT ADMIT.—A demurrer does not admit conclusions of law; the court draws the inferences from the facts as pleaded and ignores the pleaded inferences.

5. SAME—SAME—ULTIMATE FACT—NOT OBNOXIOUS TO DEMURRER—MOTION.—An allegation which, if the details of fact were set forth, might properly be held to be a conclusion inferred from those details, may, when unaccompanied by details, be held to be a pleading of ultimate fact, not obnoxious to demurrer, and if the adverse party

desires fuller details, either for information or to lay a foundation for a demurrer, he should attack such a pleading by motion.

6. PLEADING—CODE—CONSTRUCTION.—Although it is a rule of code practice that a pleading shall be liberally construed with a view to obtaining substantial justice between the parties, yet complete defect of averment cannot be supplied by construction.

7. INSURANCE—POLICY—ACTION — COMPLAINT — SUFFICIENCY.—A complaint in an action on a life insurance policy, which by its express terms made the application therefor a part thereof, said application containing a stipulation limiting the time within which any action should be brought, which alleged that the insurer "purposely and willfully concealed" from the plaintiff the contents of the application, to induce her to delay the bringing of the suit until after the expiration of the time limited, and purposely, willfully and with intent to defraud her induced her to delay the bringing of the action until the time limit had expired, and that she was never able to obtain an inspection of the application, and that the copy attached to the complaint was a copy of said application as furnished to her by the defendant after repeated demands therefor, and that the same was not furnished to her until after the expiration of the time limit, was insufficient, in that the averment of facts, unsupported by other facts, is not sufficient upon which to predicate relief for the plaintiff from the contractual consequence of delay, the adverbs "purposely" and "willfully" adding nothing to the charge that defendant concealed the contents of the application, for to conceal means purposely to keep from sight or discovery.

8. PLEADING—FRAUD—FACTS MUST BE STATED.—Where the pleader desires to set up fraud, mere characterization of acts as being done "with intent to defraud the plaintiff" does not charge fraud, but the facts constituting the alleged fraud must be pleaded.

9. WORDS AND PHRASES—"CONCEAL" DEFINED.—To conceal means purposely to keep from sight or discovery.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Coconino. Richard E. Sloan, Judge.   Affirmed.

The necessary facts are stated in the opinion.

Thomas Armstrong, Jr., E. E. Ellinwood, and John M. Ross, for Appellant.

The application is prepared by the company.   It is printed by it and placed before the applicant for signature.   It is neither read to nor by him, and he is given no opportunity to read or hear it read, or to learn its contents further than

as he replies to the questions of the medical examiner of the
company relative to his health and family history. Under
these circumstances, and where there is doubt as to the mean-
ing of the provisions of the contract, the rule is to construe
the policy most strictly against the insurer who made the con-
tract. The company's own words in its policy should be con-
strued most strictly against itself, and the court should lean
against that construction which imposes upon the insured the
obligation of a warranty. *First National Bank* v. *Hartford
Ins. Co.,* 95 U. S. 673, 24 L. Ed. 563; *McMaster* v. *New York
Life Ins. Co.,* 183 U. S. 26, 22 Sup. Ct. 10, 46 L. Ed. 64;
*Northwestern Mutual Life Ins. Co.* v. *Woods,* 54 Kan. 663, 39
Pac. 189.

In all cases of doubt as to whether conditions or limitations
are part of the policy, the rule of construction against the
insurer obtains, for the company frames its own contracts,
uses its own language, and surrounds its liability with such
defense as it chooses to adopt. 1 Joyce on Insurance, p. 293,
sec. 222. Courts have frequently separated such an applica-
tion into parts in order to arrive at the exact meaning of the
contract, and held to the rule that unless expressly made the
basis of the issuance of the policy, mere statements or agree-
ments not specified to be representations or warranties do not
become a part of the contract. *Northwestern Life Assur. Co.*
v. *Tietze,* 16 Colo. App. 205, 64 Pac. 774. The most that can
be said of this limitation clause, limiting the time in which
suit shall be brought, is that it is a mere agreement or promis-
sory stipulation; if it had been the intention of the company
to secure the limitation as a covenant or condition upon which
the policy issued, it would not have stopped as it did before
the insertion of this clause, and the court cannot by construc-
tion place a warranty or covenant where the parties have not
done so by the plain provisions of the contract. *Aetna Ins.
Co.* v. *Norman,* 12 Ind. App. 652, 40 N. E. 1116; *Alabama
Gold Life Ins. Co.* v. *Johnson, Admr.,* 80 Ala. 467, 60 Am.
Rep. 112, 2 South. 125.

While it is true that the supreme court of the United States
has held that a clause may be lawfully inserted in an insur-
ance policy reducing the time within which suit may be
brought upon it to less than the period provided by statute
(*Riddelsbarger* v. *Hartford Ins. Co.,* 7 Wall. 389, 19 L. Ed.
257, and the authorities to the same effect are numerous), yet
in all these cases the limitation is sustained only because it

is reasonable and for the protection of the parties, and is inserted in the policy itself, so that the insured and his beneficiary shall have full notice of it and be advised of it. So far as we have been able to find, the only cases upholding it are those wherein the penalty of forfeiture or avoidance of the policy specifically is expressed in the policy itself as the penalty for failure to bring the action within the time limited. There is no penalty attached for failure to comply with the provision that "no suit shall be brought on this policy after two years," and it is analogous to the usual one in policies which require proofs to be made or notices given within a certain time after loss, and failure to furnish such proofs within the exact time is often excused by the circumstances of the case, and unless there is an express provision in the policy avoiding it or forfeiting it for failure to furnish proofs within the time, the courts refuse to declare a forfeiture. *Steele* v. *German Ins. Co.,* 93 Mich. 81, 53 N. W. 514, 18 L. R. A. 85. To the same effect, and also holding that where there are circumstances and conditions, obstacles or causes preventing or rendering impossible the performance of the act within the time stipulated, the act may be performed thereafter, and the beneficiary will be excused for the failure if done within a reasonable time thereafter, or within the time stipulated after the cause preventing prior compliance ceases—each case is to be determined according to its nature and circumstances. *Woodmen Acc. Assn.* v. *Pratt,* 62 Neb. 673, 89 Am. St. Rep. 777, 87 N. W. 546, 55 L. R. A. 291; *Munz* v. *Standard L. & Acc. Ins. Co.,* 26 Utah, 69, 99 Am. St. Rep. 830, 72 Pac. 182, 62 L. R. A. 485. In this case of ours, the suit was commenced and in course of prosecution before the limitation was known to the beneficiary; she had no knowledge of any other than the four or five year limitations then provided by statute, and was proceeding with all due diligence to prosecute the suit. To forfeit the policy under such circumstances where the defense is purely technical would be shocking to our sense of justice, inexcusable, and unreasonable. *Woodmen Acc. Assn.* v. *Pratt,* 62 Neb. 673, 89 Am. St. Rep. 777, 87 N. W. 546, 55 L. R. A. 293. Some states hold such limitation fixing a shorter period than that prescribed by statute of the state to be against public policy and void. *Union Cent. Life Ins. Co.* v. *Spinks,* 119 Ky. 261, 83 S. W. 615, 84 S. W. 1160; *Barnes* v. *McMurtry,* 29 Neb. 184, 45 N. W. 285; *Georgia Masonic Ins. Co.* v. *Davis,* 63 Ga. 471.

The defendant company, by its conduct as detailed in the complaint, has estopped itself to plead this short limitation by way of demurrer. Limitations as to the time of bringing suits on contracts of insurance are not to be applied with the same rigidity as statutes of limitation. *Jackson* v. *Fid. & Cas. Co.*, 75 Fed. 359, 21 C. C. A. 394. The supreme court of the United States, while not receding from the rule laid down in the Riddelsbarger case, has in later cases distinctly held that such limitations contained in policies of insurance may be waived by the company; such waiver need not be in writing, and it may arise from such a course of conduct on the part of the company as will equitably estop it from pleading the prescribed limitation in bar of a suit by the insured. *Thompson* v. *Phoenix Ins. Co.*, 136 U. S. 299, 10 Sup. Ct. 1019, 34 L. Ed. 408 (413). It is held by the better line of authorities that any conduct on the part of the insurer tending to mislead the insured and to cause him to delay suing until after the limitation has expired constitutes a waiver of the limitation. *De Farconnet* v. *Western Ins. Co.*, 110 Fed. 405 (reading p. 410). While many of the cases hold that some active steps like holding out hope of adjustment are required to constitute a waiver of the limitation by the company, yet they also hold that concealment from the insured of the knowledge of a by-law or provision in the application requiring suit to be brought within a certain time is also a waiver. *Metropolitan Acc. Assn.* v. *Froiland*, 161 Ill. 30, 52 Am. St. Rep. 359, 43 N. E. 766; and where the company withholds the policy and conceals and withholds information as to its terms, the limitations expressed by the policy do not apply. *Taylor* v. *Glens Falls Ins. Co.*, 44 Fla. 273, 32 South. 887 (889). Under such circumstances it amounts to a waiver of the limitation. *Union Cent. Life Ins. Co.* v. *Phillips*, 102 Fed. 19 (p. 26), 41 C. C. A. 263; *American Cent. Ins. Co.* v. *Simpson*, 43 Ill. App. 98 (103).

Walter Bennett, for Appellee.

Limitations by the terms of the contract of the time within which action may be brought is a valid provision, and controls the statutory limitation. *Riddelsbarger* v. *Hartford Ins. Co.*, 7 Wall. 389, 19 L. Ed. 257; *Express Co.* v. *Caldwell*, 21 Wall. 269, 22 L. Ed. 556; *Lee* v. *Union Cent. Ins. Co.*, 22 Ky. Law Rep. 1712, 56 S. W. 724; *Smith* v. *Herd*, 110 Ky. 56, 60 S. W. 841, 1121; *Owen* v. *Insurance Co.*, 87 Ky. 571, 10 S. W.

119.   Infancy of the beneficiary is no defense to the limitation of time in the policy within which action may be brought. *O'Laughlin* v. *Union Cent. Ins. Co.*, 11 Fed. 280, 3 McCrary, 543; *Suggs* v. *Travelers' Ins. Co.*, 71 Tex. 579, 9 S. W. 676, 1 L. R. A. 847; *Mead* v. *Phoenix Ins. Co.*, 68 Kan. 432, 104 Am. St. Rep. 412, 75 Pac. 475, 64 L. R. A. 79; May on Insurance, sec. 478.   The contract of insurance is voluntary, and the terms of the policy must be strictly complied with to warrant recovery.   *Riddelsbarger* v. *Hartford Ins. Co.*, 7 Wall. 390, 19 L. Ed. 257; *Glass* v. *Walker etc.*, 66 Mo. 32.   The limitation in the contract goes to the right and not simply to the remedy.   *Craig* v. *Hartford Fire Ins. Co.*, Fed. Cas. No. 3375, 1 Blackf. 280.   One who accepts a policy of insurance, which refers to another document and makes it a part of such policy, is bound by the terms of such document, though he never saw it and had no knowledge of its provisions.   *Connor* v. *Manchester A. Co.*, 130 Fed. 743, 65 C. C. A. 127, 70 L. R. A. 106.   The insurance company owed no duty to assured to notify her of the fact of the limitation.   *Paul* v. *Fidelity etc. Co.*, 186 Mass. 413, 104 Am. Rep. 594, 71 N. E. 801.   The fact that the company had possession of the document containing the limitation does not prevent pleading such limitation. *Lewis* v. *Metropolitan Life Ins. Co.*, 180 Mass. 317, 62 N. E. 369.   Where fraud is alleged to defeat a contract, the facts constituting the fraud and deceit must be alleged with directness and certainty.   *History Co.* v. *Dougherty*, 3 Ariz. 387, 29 Pac. 649; *Goodwin* v. *Goodwin*, 59 Cal. 560.

NAVE, J.—Lillie S. Gill brought suit against the Manhattan Life Insurance Company to recover on a policy insuring the life of her deceased husband.   The policy, set forth in the complaint, recites, among other considerations for the insurance, that it is issued "in consideration of the application for this insurance, and the statements and covenants therein contained, which are a part of this contract."   The application, also set forth in the complaint, contains the following: "It is expressly agreed on behalf of the applicant and of any person who shall have or claim any interest in any policy issued upon this application . . . . that no suit shall be brought against the company upon such policy after the expiration of two years from the time that the cause of action shall have accrued."   This action was instituted after the expiration of two years from the time of the accrual of the cause

thereof. A special demurrer was interposed by the defendant, setting up that the action is barred by the terms of the contract sued upon. The demurrer was sustained, and judgment thereon rendered against the plaintiff. From this judgment, plaintiff has appealed. The sole issue is the correctness of the ruling on the demurrer.

Plaintiff alleges in her complaint that at the time of the accrual of the cause of action she was under the age of twenty-one years, and that she attained her majority within less than two years prior to the institution of the action. She avers also that the defendant purposely and willfully concealed from her the contents of the application made by the deceased for the purpose of inducing her to delay the bringing of the suit until after the two years mentioned in the application had expired, and did purposely, willfully, and with intent to defraud her induce her to delay the bringing of this action until more than two years had elapsed after her cause of action had accrued; that she has never been able to obtain an inspection of the application; and that the copy attached to the complaint is a copy of said application as furnished to her by the defendant after repeated demands therefor, and that the same was not furnished to her until after the lapse of the two years mentioned in the application. No act of the defendant is pleaded tending to prevent the plaintiff from acquiring knowledge of the contents of the application, or to induce her to delay suit.

1. It is settled in this jurisdiction that an agreement in a contract of insurance limiting the time within which an action may be brought thereon to a period less than that prescribed by the statute of limitations will be enforced. *Riddelsbarger v. Hartford Ins. Co.,* 7 Wall. (U. S.) 389, 19 L. Ed. 257.

2. It is also determined in this jurisdiction by authority specifically to the point, as well as by the elemental law of contracts, that terms may be incorporated in the policy of insurance by reference, and that, when so incorporated, they will be enforced as part of the contract of insurance. *Connor v. Manchester Assur. Co.,* 130 Fed. 743, 65 C. C. A. 127, 70 L. R. A. 106.

3. The limitation upon this action being a matter of contract, and not a matter of statute, it applies to an infant as effectually as to one who has attained majority. *Mead v. Phoenix Ins. Co.,* 68 Kan. 432, 104 Am. St. Rep. 412, 75 Pac. 475, 64 L. R. A. 79.

4. Appellant contends that the complaint is not obnoxious to demurrer by reason of the allegation that defendant concealed from plaintiff the contents of the application, and, with intent to defraud, induced her to delay the suit. Appellee urges that these allegations are of that variety denominated "conclusions of law" as distinguished from allegations of ultimate facts. The line of separation between a conclusion of law and an allegation of ultimate fact is as uncertain as the lines separating the cardinal colors in the spectrum. The distinction between them in matters of pleading more commonly is made where, coupled with allegations of fact, are allegations of conclusions, or inferences from the facts. Where matters are so pleaded, it is unquestionable that a demurrer to the pleading does not admit these inferences. The court draws the inferences from the facts as pleaded and ignores the pleaded inferences. *Dillon* v. *Barnard,* 21 Wall. (U. S.) 430, 22 L. Ed. 673; *United States* v. *Ames,* 99 U. S. 35, 25 L. Ed. 295. On the other hand, an allegation which, if the details of fact were set forth, might properly be held to be a conclusion inferred from those details, may, when unaccompanied by details, very properly be held to be a pleading of ultimate fact, and not obnoxious to demurrer. If the adverse party desires fuller details, either for information or to lay a foundation for a demurrer, he should attack such a pleading by motion. *Phillips* v. *Smith, post,* p. 309, 95 Pac. 91. In the pleading before us the allegation of concealment may, in this light, be said to be the allegation of an ultimate fact; so also the allegation that the defendant induced the plaintiff to delay. The defect in the averment consists, not in that these are averments of inferences, but that they are averments of facts which, unsupported by other facts, are not sufficient upon which to predicate relief for the plaintiff from the contractual consequence of delay. No fact appears in the complaint which cast upon the defendant a duty to advise the plaintiff as to the contents of the application for the insurance. The adverbs "purposely" and "willfully" add nothing to the charge that the defendant concealed the contents of the application, for to conceal means purposely to keep from sight or discovery. While it is a rule of code practice that a pleading shall liberally be construed with a view to obtaining substantial justice between the parties, yet, on the other hand, complete defect of averment cannot be supplied by construction. The original application manifestly became

a part of the records of the defendant company. Doubtless it was "purposely and willfully concealed" among the records of the defendant company from plaintiff, and from all the world except its custodians. It is not averred that any artifice was resorted to to induce the plaintiff to overlook the application; while the only allegation with respect to an endeavor upon her part to procure a copy thereof is coupled with the information also that she obtained it. The insurance policy itself, as we have noted, made express reference to the application so that plaintiff was put upon notice of its contents. Similarly the allegation that the defendant induced plaintiff to delay the bringing of the action must be disposed of. Mere characterization of the act as being "with intent to defraud the plaintiff" does not charge fraud. *Cochise County* v. *Copper Queen C. M. Co.*, 8 Ariz. 233, 71 Pac. 946. Such an adverbial phrase may sufficiently define the purpose of the defendant, but the purpose of the defendant is of no moment if its acts were not such in law as to perpetrate fraud. *Pullman's Palace Car Co.* v. *Mo. Pac. Ry. Co.*, 115 U. S. 596, 6 Sup. Ct. 194, 29 L. Ed. 499. It may be conceded by virtue of this allegation in the complaint that by some action or inaction on the part of the company plaintiff was led to delay the institution of this suit; but, in absence of an averment of the facts by which she was so led, it cannot be determined that the defendant perpetrated a fraud upon her, or is for any reason estopped to take advantage of her delay. The allegations indeed are open to the interpretation that the cause of plaintiff's delay was the concealment from her of the terms of the application, under which interpretation the allegation that she was induced to delay the suit would fall with the allegation that the contents of the application were concealed from her. There is nothing to suggest that even the earliest of her "repeated demands" for a copy of the application was made before the action was barred.

It follows that the demurrer was properly sustained, and that the judgment must be affirmed.

KENT, C. J., and CAMPBELL, J., concur. DOAN, J., dissents.