472 P.2d 87

**FIRST SECURITY BANK, an Arizona corporation, Appellant,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation, Appellee.**

**No. I CA–CIV 1045.**

Court of Appeals of Arizona, Division 1.

June 24, 1970.

Rehearing Denied Aug. 3, 1970.

Review Denied Oct. 20, 1970.

Skousen, McLaws & Skousen, by Richard E. Skousen, Mesa, for appellant.

Moore, Romley, Kaplan, Robbins & Green, by Robert A. Scheffing and Kenneth J. Sherk, Phoenix, for appellee.

HOWARD, Chief Judge.

This is an appeal from an order granting summary judgment.

Appellant, hereinafter called First Security, is a judgment creditor of the Shaffers, who in turn made a claim against appellee, hereinafter called Fireman's, for the loss of part of a coin collection. First Security filed a writ of garnishment against Fireman's. A motion for summary judgment was made, granted and entered on behalf of Fireman's. First Security is appealing from said summary judgment.

Prior to this action Fireman's had issued a policy of insurance which insured Shaffer against the loss or theft of a certain coin collection owned by him. Sometime in January of 1967 part of the said collection was lost or stolen. Shaffer made a claim for the loss under his policy. On May 26, 1967 a writ of garnishment was served upon Fireman's seeking any money or property which it owed to Shaffer. On July 5, 1967, Fireman's denied Shaffer's claim.

The controlling question, as stated by First Security, is whether a creditor of the insured has the right to garnish a loss claim of the debtor-insured prior to Fireman's agreement to accept said claim for a stipulated amount. Fireman's claims that this particular debt was not subject to garnishment as it was unliquidated and contingent.

Let us begin by first examining the theory upon which Fireman's brought the motion for summary judgment in the trial court, namely, that First Security's claim as a creditor of Shaffer is barred by the contractual period of limitation of 12 months.

The insurance contract between Shaffer and Fireman's provides in condition 11 as follows:

"Suit. No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after the discovery by the insured of the occurrence which gives rise to the claim, provided however, that if by the laws of

the State within which the policy is issued, such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State."

Basing their contention upon the above policy provision, Fireman's claims that since no suit, action or proceeding was brought within 12 months from the discovery of any claim sustained by loss or theft of Shaffer's coin collection, the claim is void. Thus, Shaffer has no cause of action against them and they are entitled to summary judgment against First Security.

The Arizona statutes allow a two-year period of time for bringing such an action. Such is the contention of First Security and it cites A.R.S. § 20–1115. The pertinent portions are as follows:

"A. No policy delivered or issued for delivery in this state and covering a subject of insurance resident, located or to be performed in this state shall contain any condition, stipulation or agreement:

\*   \*   \*   \*   \*   \*

3. Limiting the time within which an action may be brought to a period of less than two years from the time the cause of the action accrues in connection with all insurances other than property, marine and transportation insurances. In property and marine and transportation policies such time shall not be limited to less than one year from the date of occurrence of the event resulting in the loss."

The question then arises, does Fireman's policy fall under the classification of property insurance which limits the period to one year or under the general category limiting the time to a two-year period? First Security claims that upon examination of this particular policy, it is readily apparent that, basically, it provides insurance against burglary and theft and even describes itself as a personal articles floater policy on the face thereof. First Security further contends that this policy fits, more

specifically, into the class of casualty insurance, rather than property insurance.

A.R.S. § 20–252, defines casualty insurance as follows:

" 'Casualty insurance' includes vehicle insurance as defined in § 20–259, and in addition includes:

\*   \*   \*   \*   \*   \*

3. Burglary and theft insurance, which is insurance against loss or damage by burglary, theft, larceny, robbery \* \* \* and also *insurance against loss of or damage to money, coins,* \* \* \* or any other valuable papers and documents *resulting from any cause.*

4. Personal property floater insurance, which is insurance upon personal effects against loss or damage from any cause." (Emphasis added)

A.R.S. § 20–256 defines property insurance as:

" 'Property insurance' is insurance on real or personal property of every kind and interest therein, against loss or damage from any or all hazard of cause, and against loss consequential upon such loss or damage, other than noncontractual legal liability for any such loss or damage. *Property insurance shall also include miscellaneous insurance as defined in paragraph 11 of § 20–252 except as to any noncontractual liability coverage includable therein.*" (Emphasis added)

The property insurance definition in the above section appears to be very broad and we must refer to A.R.S. § 20–1501 of art. 7 entitled, Property Insurance, which reads as follows:

"*This article shall not apply to* vehicle, *casualty,* inland marine or ocean marine insurance, or reinsurance." (Emphasis added)

Furthermore, the statute dealing with property insurance (A.R.S. § 20–256) does not refer to, nor incorporate, the statute dealing with casualty insurance (A.R.S. § 20–252) except as to a subsection thereof dealing with miscellaneous insurance. This subsection is specifically included within

property insurance. Thus, by implication, the remainder of the section on casualty insurance is excluded from the category of property insurance.

■ From an examination of the aforesaid statutes it is evident that property insurance is not intended to include casualty insurance. The Shaffer insurance policy falls under the classification of casualty insurance. Thus, being casualty insurance, the 12-month limitation in the insurance policy is invalid and the period of limitation that is applicable is the two-year period.

The Supreme Court of Arizona has held that when the facts of a particular case would reasonably justify the application of either of several different periods of limitations, the longer period is to be applied to the case. In Southern Pac. R. Co. of Mexico v. Gonzalez, 48 Ariz. 260, 61 P.2d 377 at 386 (1936), the court held:

"And while a defense raising the statute of limitation is recognized, it is never favored by the courts, and if there is doubt as to which of two statutes applies, the longest period is generally used."

The court in O'Malley v. Sims, 51 Ariz. 155, 75 P.2d 50, at 54 (1938), said:

"We have repeatedly held that while the defense of the statute of limitations is a legitimate one, it is not favored by the courts, and, where two constructions are possible, the one which gives the longest period of limitation is the one which is to be preferred."

■ Fireman's cites the Gill v. Manhattan Life Ins. Co. case, 11 Ariz. 232, 95 P. 89 (1908), for the proposition that an agreement in a contract of insurance limiting the time within which an action may be brought thereon to a period less than that prescribed by the statute of limitations will be enforced. However, the Gill case is not applicable to the case presently before us. Under A.R.S. § 20–1118 any insurance policy which contains any condition not in compliance with the requirements of the insurance law shall be construed according

to the provisions of the insurance law. Thus, since we have decided in this case that A.R.S. § 20–1115 of the insurance law applies and that the two-year period of limitation is a proper one in this matter, then that portion of the contract which limits the time to one year is inapplicable and the two-year statutory period applies.

■ First Security further claims that a garnishment action upon an insurance company brought by the creditor of an insured debtor is a suit, action or proceeding for the recovery of a claim. It has advocated a doctrine of law but has failed to substantiate same with case law or other authority. The court can only conclude that there are no cases or authority to uphold the allegation.

First Security is claiming that the garnishment action it instituted is in effect an action by or on behalf of the insured and therefore, falls within the allowable period of time within which to bring an action, namely, two years. In essence, what it is attempting to accomplish is to transmute its position as garnisher into a position of assignee of the insured. This First Security cannot do.

In Kuffel v. United States, 103 Ariz. 321, 441 P.2d 771 (1968), the plaintiff contended that the filing and serving of the writ of garnishment constituted an equitable assignment to him. The Supreme Court held in that case:

"The writ itself constitutes at most, a lie pendens notice that a right to perfect a lien on the garnisheed property exists, but such perfection must await judicial action.

*     *     *     *     *     *

The most garnisher Kuffel had after service of the writ of garnishment was an inchoate garnishment lien which could not have been perfected until the time judgment was rendered. At that time Kuffel did not have an absolute right to the funds impounded, but did have a right to have his claim heard without fear that the funds would be dissipated pending judgment. Under our state law

**480**

Kuffel therefore had *no assignment* to him of Distributors' debt to Young." 441 P.2d at 775 (Emphasis added)

Had First Security in this case been an assignee, then it could have instituted an action which would not have been prohibited by the statute of limitations. General Accident Fire & Life Assurance Corp. v. Little, 103 Ariz. 435, 443 P.2d 690 at 693 (1968), states:

> "It has long been the law in Arizona, and the law in most if not all jurisdictions that an assignee of a *chose in action* may maintain suit thereon in his own name * * *."

In a case similar to the one before us, the Colorado Supreme Court held that a judgment creditor of an insured could not garnish the insurance carrier where the insured had not filed a suit within the time period required. Capitol Fixture & Supply Co. v. National Fire Ins. Co., 131 Colo. 64, 279 P.2d 435 (1955). The court affirmed judgment in favor of the insurer and stated:

> "It is noteworthy that in the instant case insured never commenced a suit at any time, and the action here involved was instigated almost three years after the date of loss by plaintiff in error [garnisher], who had no contractual rights whatever under the policy and held no assignment of the insured's rights thereunder. It is only a garnisher with no greater right than that passed by the insured * * *." At 437.

▪ The garnishment action instituted by First Security did not constitute a "suit, action or proceeding for the recovery of any claim under this policy" and, the two-year limitation period having run, any further prosecution of the claim is barred. We base the above statement on the fact that the brief of the appellee claims that no action has ever been instituted by the insured against the insurer and there is no contradicting statement or proof by the appellant that such is not the case. Therefore, we must assume that no action was instituted by the insured within the two-year limitation period.

In view of the above, all questions raised by this appeal are moot and we do not deem it necessary to consider them any further.

Judgment affirmed.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two pursuant to A.R.S. § 12–120, subsec. E.