493 P.2d 504

Grace Anne ADAMS, Appellant,

v.

NORTHERN INSURANCE COMPANY OF NEW YORK, a New York insurance corporation and capital stock company, Appellee.

No. I CA–CIV 1498.

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 8, 1972.

Rehearing Denied March 6, 1972.

Review Denied May 9, 1972.

**338**

Harrison, Myers & Singer by Noel K. Dessaint, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Lyons, Phoenix, for appellee.

CASE, Judge.

This is an appeal from a summary judgment in favor of appellee Northern Insurance Company of New York and an order denying a motion for partial summary judgment filed by Grace Anne Adams, appellant herein. The parties will be referred to herein as they appeared in the trial court.

Plaintiff filed an action in the Superior Court of Maricopa County against defendant Northern Insurance Company of New York seeking damages for an alleged breach of a *homeowners* insurance policy. Plaintiff's home and its contents were damaged by a fire which occurred 9 July 1967. Defendant's representatives undertook to investigate this fire on 10 July 1967. On 24 October 1967 plaintiff mailed to defendant a purported proof of loss statement which defendant rejected on 22 November 1967. Thereafter, on 31 October 1968 plaintiff filed suit. Defendant filed a motion for summary judgment upon the grounds that plaintiff had not timely filed her suit as required by the terms of the policy to which plaintiff responded and filed a cross-motion for partial summary judgment as to the issue of liability of the defendant.

Five issues were argued to the trial court which are as follows:

1. Was Northern's homeowners policy a property policy within the terms and meaning of A.R.S. § 20–1115, subsec. A, par. 3?

2. Was Northern's policy provision, that suit must be commenced within twelve months after the inception of the loss, invalid?

3. Was A.R.S. § 12–548 the proper statute of limitations applicable to Northern's policy?

4. When did the twelve-month limitation period provided in Northern's policy begin to run?

5. Was plaintiff entitled to partial summary judgment on the issue of liability?

The trial court resolved these issues in favor of defendant and found that the policy was a "property" insurance policy; that the one-year limitation contained therein was a valid provision; that the one-year period began to run from the date of the fire and that A.R.S. § 12–548 was inapplicable. The trial court also denied plaintiff's motion for partial summary judgment.

The policy herein contains the following provisions:

". . . within sixty days after the loss . . . the insured shall render to this Company a proof of loss . . .

\* \* \* \* \* \*

"The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss . . . is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided.

\* \* \* \* \* \*

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless . . . commenced within twelve months next after the inception of loss."

Plaintiff contends that the policy involved, being a "homeowners" policy, is not a "property" policy within the meaning of A.R.S § 20–1115, subsec. A, par. 3 which provides:

"A. No policy delivered or issued for delivery in this state and covering a subject of insurance resident, located or to be performed in this state, shall contain any condition, stipulation or agreement:

\* \* \* \* \* \*

"3. Limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances. *In*

*property and marine and transportation policies such time shall not be limited to less than one year from the date of occurrence of the event resulting in the loss.*" (Emphasis supplied)

We do not agree. Plaintiff's complaint alleges that she has "sustained a property loss." It is apparent that she is suing under the property loss portion of the policy. Plaintiff urges that this portion cannot be separated from the rest of the policy and that while the coverages are separate and distinct it is one contract.

While the terms which relate to each other within the policy must be read together, the policy is divisible into two parts and the portion concerning property insurance is within the scope of A.R.S. § 20–1115, subsec. A, par. 3. This is in accord with the majority rule enunciated in 4 Appleman, Insurance Law and Practice, § 2372 (1969) where it is stated:

"A policy purporting to be entire may be divisible and severable where it covers several different kinds of risks. . . ."

The case of Consumer's Money Order Corp. of America, Inc. (Mo.) v. New Hampshire Ins. Co., 386 S.W.2d 674, 677 (Mo.App.1964) holds in part:

"It is a general rule of law that a policy of insurance purporting to be entire may be divisible and severable, where it covers several different kinds of risks or property at different locations. The question rests upon the intention of the parties, which intent must be deducible from the stipulations in the contract and the application of the rules governing the ascertainment of that intent. If the character of the risks assumed is such that what affects the risk on one item does not affect the risk on the others the parties must have intended that the policy should be regarded as severable and divisible, and any warranty the breach of which could only affect one item will be deemed directed to that item and not to the policy as a whole."

On page 3 of the policy under the heading, "GENERAL CONDITIONS", is found the following provision:

"1. MODIFICATION OF TERMS: The provisions on page 2 of this policy as respects uninsurable and excepted property, the exclusion of loss by theft and suspension of insurance are hereby waived. Provisions on page 2, other than those pertaining to waiver, cancellation, concealment and fraud and subrogation, do not apply to Section II of this policy. With respect to subrogation, the provisions are not applicable to Coverage F—Personal Medical Payments."

The provisions of page 2 which do not apply to Section II of this policy are the provisions with which we are concerned herein, to-wit: the time within which the insured files a proof of loss, the company's time to act therein, and the limitation of time within which to file suit. Section II of the policy is concerned with the coverage for personal liability, bodily injury, property damage, personal medical payments, and physical damage to property of others. It is apparent that the risks insured by the policy are severable and distinct. We hold that the policy is a property policy within the meaning of A.R.S. § 20–1115, subsec. A, par. 3 and therefore suit must be commenced within the period therein prescribed.

We next address ourselves to plaintiff's contention that the policy provision requiring suit to be commenced within twelve months after the inception of the loss is invalid. Plaintiff contends that inasmuch as the policy does not define the terms "inception of the loss" and "ascertainment of the loss" that these terms must be construed in her favor. She urges that since the policy permits her a 60-day period within which to file a proof of loss and permits defendant an additional 60 days thereafter to either accept· or reject her claim, in reality, only an eight-month period is provided to her to institute suit in violation of A.R.S. § 20–1115, subsec. A, par. 3.

She urges that she could not have filed suit until the expiration of this four-month period because she had no cause of action and had experienced no actionable loss.

A.R.S. § 20–1503 designates "the New York standard fire policy, edition of 1943" as the Arizona standard fire policy. The New York standard policy is engrafted as part of the policy with which we are herein concerned. Numerous authorities are cited by both plaintiff and defendant relative to the interpretation of the terms "inception of the loss" and "ascertainment of the loss." Both plaintiff and defendant cite as support for their positions the case of Westchester Fire Insurance Co. v. Sperling, 421 F.2d 141 (9th Cir. 1970). That case involves the question of whether the action against the appellant insurance company was barred by the time limitation contained in the policy. The loss therein involved was a burglary which occurred on 28 January 1965. The action was commenced under the policy 18 February 1966. The company argued that the insured had not complied with the twelve-month limitation provision and therefore the suit was barred. Both the District Court and the Ninth Circuit disagreed. The court in its opinion pointed out that there is a split of authority as to when the period of limitation begins, i. e., whether it commences at the time the loss occurs or when the loss is payable. The court, however, points out that the decisions which have construed fire insurance policy provisions have given weight to the situation wherein the language of the standard policy is one imposed upon the insured by statute and in those cases the majority of the courts have held that the period of limitation begins to run from the date of the casualty event giving rise to the ultimate loss. This is the situation herein. We hold that the period of limitation began to run from the date of the fire and *not* from the date the defendant rejected plaintiff's proof of loss.

In light of our determination of the above issues, it is unnecessary to discuss

the fifth issue, to-wit: the merits of plaintiff's motion for partial summary judgment.

Accordingly, judgment is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.