526 P.2d 169

Johnny B. KEARNEY, Appellant,

v.

MID–CENTURY INSURANCE COMPANY, a California corporation, and Fire Insurance Exchange, a California corporation, Appellees.

No. 1 CA–CIV 2505.

Court of Appeals of Arizona,
Division 1,
Department C.

Sept. 10, 1974.

Berry & Herrick, P. A. by Richard S. Berry, Tempe, for appellant.

Johnson, Tucker, Jessen & Dake, P. A. by T. Gale Dake, Phoenix, for appellees.

## OPINION

WREN, Presiding Judge.

Plaintiff brought suit in the trial court against defendant insurance companies to recover an alleged $8,335.00 personal property loss from a burglarized home.

From an order granting defendants' motion for summary judgment for failure of the insured plaintiff to bring the action within the 12 month period prescribed in the policy of insurance, and denial of plaintiff's cross-motion for partial summary judgment addressed to that singular issue, plaintiff has appealed.

The controlling statute here is A.R.S. Sec. 20–1115, of which the pertinent portion is quoted as follows:

"A. No policy delivered or issued for delivery in this state and covering

a subject of insurance resident, located or to be performed in this state, shall contain any condition, stipulation or agreement:

\* \* \* \* \* \*

3. Limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances. In property and marine and transportation policies such time shall not be limited to less than one year from the date of occurrence of the event resulting in the loss."

Under subsection B:

"Any such condition, stipulation or agreement shall be void . . . "

Plaintiff asserts that the coverage afforded the stolen items was improperly classified in the policy as "property" insurance; that by statutory definition a burglary loss is "casualty" insurance and therefore a one-year limitation period should not have been applied.

Defendants contend, however, that the alleged loss was properly designated in the policy as "property" insurance, and that since no action or proceeding had been brought within 12 months as required by the terms of the contract, they were entitled to the summary judgment order.

A.R.S. Sec. 20–252 defines casualty insurance as including vehicle insurance under A.R.S. Sec. 20–259, and in addition:

"3. *Burglary* and *theft* insurance, which is insurance against loss and damage by burglary, theft, larceny, robbery . . . " (Emphasis supplied)

A.R.S. Sec. 20–256 defines "property" insurance as:

" . . . (I)nsurance on real or personal property of every kind and interest therein, against loss or damage from any and all hazard or cause, and against loss consequential upon such loss or damage other than noncontractual legal liability for any such loss or damage. Property insurance shall also include miscellaneous insurance as defined in paragraph 11 of § 20–252 except as to any noncontractual liability coverage includable therein."

The question thus becomes one of definition. The insurance code allows a one-year policy limitation period for filing suit under property loss insurance, while casualty loss type covenants in a policy require a period of at least two years.

If the loss here is to be construed as a casualty loss then the limitation period set forth in the policy is void as being repugnant to Sec. 20–1115, and the suit must be reinstated as having been timely filed.

The statutory definition of casualty insurance would alone be dispositive of this appeal, except for the fact that the covenants as to "burglary" and "theft" are inserted under the property loss section of the policy, and are grouped with the risks classified thereunder by the insurer as "property" risks.

The contract itself contains various covenants of insurance covering a wide variety of risks and perils as to real and personal property and personal liability, and is divided into two main parts. Under Division I are the covenants relating to "Real and Personal Property". This portion is further divided into subheadings: "Coverage A—Dwelling" and "Coverage B—Personal Property". Within the latter clause, under the designation "Perils Insured Against" are the covenants as to burglary and theft loss. Grouped under Division II are the contractual provisions relating to "Comprehensive Personal Liability". The next section is entitled "General Conditions Applicable to the Entire Policy", and contains the requirement that suit must be commenced within 12 months after loss.

Urged to this court by plaintiff is the proposition that the perils insured against in the policy are divisible and severable, and that any classification as "property" or "casualty" insurance must be made in ac-

cordance with the nature of the loss sustained; that a binding classification is not made by an arbitrary grouping and labeling of such perils in the contract itself by the insurance company.

Defendants, on the other hand, argue that this court should concern itself solely with the *nature* of Division I as a whole and determine it to be property insurance. They point out that, out of sixteen (16) major categories of "Perils Insured Against" under Division I, only two fall within Sec. 20–252 as being casualty losses, and that the extension of coverage to guard against burglary does not transmute the basic contract into some other kind of insurance.

To further buttress this contention, defendants point to the broad language of Sec. 20–256 that property insurance covers loss or damage *from any or all hazard or cause.*

Defendants concede, however, that had this action been brought under Division II of the policy this court could and should distinguish it from the property coverage section and hold the limitations provision invalid as being repugnant to the limitations statute cited above.

Under authority of First Security Bank v. Fireman's Fund Insurance Company, 12 Ariz.App. 476, 472 P.2d 87 (1970), we are of the opinion that the judgment of the Superior Court must be reversed. The language there used in considering an analogous question is apropos to the issue here, and certain portions thereof are therefore paraphrased in this opinion.

■ From an examination of the aforesaid statutes it is evident that property insurance is not intended to include casualty insurance. Division I of this insurance policy cannot be construed as a whole as property insurance in derogation of the plain and unambiguous definition under Sec. 20–252. Sec. 20–256 is very broad, it is true, but reference to A.R.S. Sec. 20–1501 under Art. 7 of the Insurance Code, "Property Insurance" is helpful and reads as follows:

*"This article shall not apply to vehicle, casualty,* inland marine or ocean marine insurance, or reinsurance." (Emphasis added)

Also, by reference to a subsection on miscellaneous insurance within Sec. 20–252, Sec. 20–256 excludes the remainder of the former section from the category of property insurance within the latter.

Nor can Sec. 20–252 be qualified by the general language of Sec. 20–256 as to ". . . loss or damage from any or all hazard or cause . . . "

■ Where two statutes, one specific and one general relate to the same subject, the specific statute controls and is regarded as an exception to the terms of the general statute, inasmuch as the legislature is assumed not to have intended conflict. Knape v. Brown, 86 Ariz. 158, 342 P.2d 195 (1959); Webb v. Dixon, 104 Ariz. 473, 455 P.2d 447 (1969); State v. Marcus, 104 Ariz. 231, 450 P.2d 689 (1969); Campbell v. Commonwealth Plan, Inc., 101 Ariz. 554, 422 P.2d 118 (1966); Trickel v. Rainbo Baking Co., 100 Ariz. 222, 412 P.2d 852 (1966). Here a specific "hazard or cause" under the general language of Sec. 20–256 is characterized under Sec. 20–252 as "burglary" or "theft". It can readily be seen that an application of both statutes to the limitations period would lead to a different result. Authority for this approach is broadened by the legislature's cognizance of the fact that some of the coverages afforded in an insurance policy may well be embraced within two different definitions. A.R.S. Sec. 20–251 specifically declares that where

". . . such a coverage is included within one definition [it] shall not exclude such coverage as to any other kind of insurance within the definition of which such coverage likewise reasonably is includable."

■ The inclusion of the burglary and theft covenants under Division I of the contract cannot metamorphose their character. A policy of insurance, although purporting to be entire, which insures

against various perils and risks, is divisible and severable. Adams v. Northern Insurance Company of New York, 16 Ariz.App. 337, 493 P.2d 504 (1972).

■ An insurer cannot write a policy extending various coverages of dwelling, personal property and liability insurance; and then, by grouping them under a selected title, modify or abrogate the statutory limitations period applicable to a specific peril also statutorily defined. Merely by offering casualty insurance only in conjunction with property insurance legal requirements relating to casualty insurance could be avoided.

In Adams, *supra,* this court rejected argument that a "homeowners" policy is not a "property" policy within the meaning of Sec. 20–1115. Under a contract which also contained coverage for personal liability, bodily injury, property damage, personal medical payments, and physical damage to property of others, it was held that the risks were severable and distinct, and that plaintiff had sued under the property loss portion of the policy on a fire loss.

It is true that the court there construed the policy as a whole, rather than finding that the fire loss was a property loss. It further stated that the intent of the parties was portrayed by the form and terms of the contract. But it is obvious, by the language and rationale of the decision, that the court was segregating different sections of the policy for application of the limitations statute.

To quote therefrom:

"While the terms which relate to each other within the policy must be read together, the policy is divisible into two parts and the portion concerning property insurance is within the scope of A.R.S. § 20–1115, subsec. A, par. 3. This is in accord with the majority rule enunciated in 4 Appleman, Insurance Law and Practice, § 2372 (1969) where it is stated:

'A policy purporting to be entire may be divisible and severable where it cov-

ers several different kinds of risks . . . .'" 16 Ariz.App. at 339, 493 P.2d at 506.

The general language of *Adams* as to "policy" and "sections" is supportive in part of the defendants' contentions here, except that the insured there argued that the property loss section could not be separated from a policy which was basically a casualty policy. It is also to be noted that *Adams* did not fly in the face of a statutory definition to the contrary as to the particular loss involved. A fire loss is statutorily defined as a "property" loss. A.R.S. Sec. 20–1501 et al.

■ Thus, the alleged loss by burglary here, falling under the classification of casualty insurance as it does, and being severable from the remainder of the division defining perils from property loss, the two-year period of limitations is a proper one, and that portion of the contract which limits the time for bringing suit to one year is invalid.

Under A.R.S. Sec. 20–1118 any insurance policy which contains any condition not in compliance with the requirements of the insurance law shall be construed according to the provisions of the insurance law. *See* Consumers Money Order Corp. of America, Inc., v. New Hampshire Ins. Co., 386 S.W.2d 674 (Mo.App.1964).

To bolster our position it is to be noted, parenthetically, and as stated in First Security Bank, *supra:*

"The Supreme Court of Arizona has held that when the facts of a particular case would reasonably justify the application of either of several different periods of limitations, the longer period is to be applied to the case. In Southern Pac. R. Co. of Mexico v. Gonzalez, 48 Ariz. 260, 61 P.2d 377 at 386 (1936), the court held:

'And while a defense raising the statute of limitation is recognized, it is never favored by the courts, and if there is doubt as to which of two stat-

utes applies, the longest period is generally used.'

"The court in O'Malley v. Sims, 51 Ariz. 155, 75 P.2d 50 at 54 (1938), said:

'We have repeatedly held that while the defense of the statute of limitations is a legitimate one it is not favored by the courts, and, where two constructions are possible, the one which gives the longest period of limitation is the one which is to be preferred.'" 12 Ariz.App. at 479, 472 P.2d at 90.

The judgment of the trial court is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

FROEB and NELSON, JJ., concur.