84

579 P.2d 588

**Marleah SAMSILL and Phyllis Treasure, Appellants,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Appellee.**

**No. 1 CA–CIV 3534.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 23, 1978.

Rehearing Denied April 25, 1978.

Review Denied June 6, 1978.

Hughes & Hughes, P.C., Phoenix, and Song & Smoker, Scottsdale, by John C. Hughes, Phoenix, for appellants.

Black, Robertshaw, Frederick, Copple & Wright, P.C. by Stephen D. Copple, and Michael W. Wright, Phoenix, for appellee.

OPINION

NELSON, Judge.

Plaintiff brought this action in the trial court seeking recovery under an insurance policy covering the life and health of a racing quarterhorse named Aunt Lindi. The policy, which defendants issued on March 29, 1973, covered risks to the horse, including death caused by accidental or voluntary destruction of the animal for humane reasons. On August 19, 1973, while the policy was in effect, plaintiffs voluntarily destroyed Aunt Lindi for allegedly humane reasons necessitated by a broken leg. Some 23 months later, on July 15, 1975, plaintiffs filed their lawsuit seeking recovery under the policy.

The trial court granted defendant's motion to dismiss this claim, finding that it was barred by the one-year limitation period for the filing of such an action stipulated to in the insurance contract.

■ The sole issue raised on this appeal is whether the insurance policy covering this particular loss is property insurance as defined in A.R.S. § 20–256, or casualty insurance as defined in A.R.S. § 20–252. This Court is called upon to make that determination due to the mandates of A.R.S.

§ 20–1115, which provides in pertinent part as follows:

"§ 20–1115.  Void policy restrictions.

A.  No policy delivered or issued for delivery in this state and covering a subject of insurance resident, located or to be performed in this state, shall contain any condition, stipulation or agreement:

\*     \*     \*     \*     \*     \*

3.  Limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances.  In property and marine and transportation policies such time shall not be limited to less than one year from the date of occurrence of the event resulting in the loss."

The statute permits a one-year policy limitation period for suits filed under property loss insurance, while casualty loss policies require a minimum two-year limitation period.

If we construe this as a casualty loss, then the limitation period set forth in the policy [1] is void, due to its violation of A.R.S. § 20–1115, and the suit must be reinstated as timely filed.  *See Kearney v. Mid-Century Insurance Company*, 22 Ariz.App. 190, 526 P.2d 169 (1974).  Our analysis, however, indicates that the trial court accurately assessed this policy as one of property insurance and properly dismissed the action as untimely.

A.R.S. § 20–256 specifically defines property insurance as follows:

"§ 20–256.  'Property insurance' defined

'Property insurance' is insurance on real or personal property of every kind and interest therein, against loss or damage from any or all hazard or cause, and against loss consequential upon such loss or damage, other than noncontractual legal liability for any such loss or damage.  Property insurance shall also include miscellaneous insurance as defined in paragraph 11 of § 20–252 except as to any non-contractual liability coverage includable therein."

■   Neither party disputes that a race horse is included within any possible definition of personal property.  *Gochneaur v. Kosydar*, 46 Ohio St.2d 59, 75 Ohio Op.2d 142, 346 N.E.2d 320, 323 (1976).  However, plaintiff primarily argues that since this loss could be encompassed within A.R.S. § 20–252(11) [2] as well as A.R.S. § 20–256, it should be considered a casualty loss to allow the longer limitations period.  *First Security Bank v. Fireman's Fund Insurance Co.*, 12 Ariz.App. 476, 472 P.2d 87 (1970).  This argument might be persuasive if the legislature had not specifically precluded such an interpretation.  Since A.R.S. § 20–256 specifically includes A.R.S. § 20–252(11) within the definition of property insurance, and A.R.S. § 20–252(11) specifically excludes insurance as defined elsewhere in that title, plaintiff's construction of these statutes is untenable.

Our analysis makes it unnecessary to reach plaintiffs' other arguments.  This action was barred by the contractual limitations period.  The trial court's dismissal of the action is affirmed.

HAIRE, P. J., and FROEB, C. J., concurring.

---

1.  "SUIT AGAINST COMPANY:

No suit, action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Assured of the occurrence which gives rise to the claim.  Provided, however, that if by the laws of the State within which this Policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State to be fixed herein."

2.  "§ 20–252.  'Casualty insurance' defined

'Casualty insurance' includes vehicle insurance as defined in § 20–259, and in addition includes:

\*     \*     \*     \*     \*     \*

11.  Miscellaneous insurance, which is insurance against any other kind of loss, damage or liability properly a subject of insurance *and not within any other kind of insurance as defined in this title*, if such insurance is not disapproved by the director as being contrary to law or public policy."  (Emphasis added)