No. 9465.

CREEK v. NONPAREIL INVESTMENT COMPANY ET AL.

1. NEGLIGENCE—*Liability of Tenant.* The lessee, or one otherwise interested in the portion of a hotel or rooming house is not liable for an injury to an employee, attributable to the condition of a portion of the premises over which he has no control.

2. *Violation of a Municipal Ordinance,* is negligence *per se.*

3. *Stairways—Hand Rail.* Under an ordinance of the city of Denver, and the act of 1911 (Laws 1911 c. 132, sec. 8) the owner of a hotel, or other like premises where people are employed, is required to provide a hand rail to all stairways, and if he defaults in this duty he is liable for a personal injury to servants there employed, attributable to the omission.

4. *Contracts Waiving Liability.* A provision in the lease of a hotel or other like premises, which assumes to exonerate the lessor from a statutory liability, is without effect.

5. MUNICIPAL ORDINANCE—*Effect.* A contract violating a municipal ordinance is as clearly illegal as one which violates the statute.

6. WAIVER—*Of Statutory Provision,* in assertion of a public policy, is void.

*Error to Denver District Court, Hon. John H. Denison, Judge.*

Mr. GEORGE F. DUNKLEE, Mr. EDWARD V. DUNKLEE, for plaintiff in error.

Messrs. SYMES & STEPHENS, Mr. IVOR O. WINGRIN, Mr. JOHN A. DEWEESE, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was brought by Lavinia Creek to recover damages for injuries said to have been caused by the negligence of defendants in failing to provide proper safeguards to a certain stairway leading from the first floor to the basement of a building, the second and third floors

of which were occupied as a rooming house or hotel, where plaintiff was employed. At the close of her case the defendants moved a nonsuit, which was granted. That judgment is now here for review.

The essential facts are that plaintiff was employed as housekeeper at the hotel in question, which was operated by defendant Perkins. It is alleged that the defendant The Interstate Trust Company owned an interest in the hotel and is therefore jointly liable, but for the purposes of this opinion it is unnecessary to pass upon this point. Defendant The Nonpareil Investment Company is the owner of the premises.

It appears that the two floors so leased to Perkins are heated by a hot water plant located in the basement of the building, and that while the first floor and basement are not a part of the Perkins lease, it was necessary, and the right was given, to the rooming house proprietor, to use the stairway in question for attention to the heating plant. At the time of the accident plaintiff, as housekeeper, was descending the stairway to examine the heater with a view to repairs, and while so doing fell off of the stairway, which was without hand rails, and was injured.

It is argued by Perkins and The Interstate Trust Company that the injuries complained of were caused solely by the negligence of plaintiff; and that in any event the accident took place in a part of the building not under lease to them, or either of them, and not in any way under their control. The other defendant set up a clause in the lease executed to Perkins, as a defense to any claim arising from the accident, which clause is as follows:

"Said lessee does covenant and agree as follows, to-wit: * * * to neither hold nor attempt to hold the lessor liable for any injury or damage either proximate or remote occurring through or caused by any repairs, alterations, injury or accident to adjacent premises or other parts of the above premises not herein demised, or by reason of the

negligence or default of the owners of occupants thereof, or any other."

It conclusively appears that the accident occurred on a part of the premises which was not included in the lease, and that the lessee had no dominion over it; the granting of a non-suit as to Perkins and The Interstate Trust Company was therefore proper.

As to the Nonpareil Investment Company, however, a different rule applies. Whether Perkins and the Trust Company could, under any circumstances, abrogate the right of their employee, Creek, by the stipulation in the lease above set out, we do not determine, for the reason that by sec. 510, Art. XIV, of the Municipal Code of the City and County of Denver it is provided:

"All stairways over three risers high shall have substantial banisters and railings on the outside of all flights and landings and well holes. * * *'"

Also, by sec. 8, chapter 132, Session Laws, 1911, a statute relating to factory inspection, which includes and covers hotels and rooming houses, provides as follows:

"Proper and substantial handrails shall be provided on all stairways and in factories, hotels, mills and workshops, and other buildings where people are employed at manual or other labor."

Section 11 of the Act is as follows:

"In all actions brought to recover damages for personal injury or death by reason of the violation of any provisions of this Act, it shall be sufficient for the plaintiff to prove in the first instance, in order to establish the liability of the defendant, that the death or injury complained of resulted in consequence of the failure of the person owning or operating the manufacturing establishment to provide such establishment with safeguards as required by this Act, or that the failure to provide such safeguards directly contributed to such death or injury."

In discussing the effect of an attempt to waive by agreement the benefit of a statutory provision it is said in 13 Corp. Jur. 423:

"A person may lawfully waive by agreement the benefit of a statutory provision. But there is an exception to this general rule, in the case of a statutory provision whose waiver would violate public policy expressed therein, or where rights of third parties which the statute was intended to protect are involved."

And in reference to municipal ordinances it continues:

"Contracts violating city ordinances are also held illegal to the same extent as contracts violating enactments of the legislature."

Under this principle plainly the clause in the lease which is relied upon by the Investment Company is void as to the plaintiff.

It has been held in the following cases that violation of a municipal ordinance is negligence *per se: D. & R. G. R. R. Co. v. Ryan,* 17 Colo. 98, 28 Pac. 79; *D. O. & C. Co. v. Mills,* 21 Colo. App. 528, 122 Pac. 798; *Oliver v. Denver Tramway Co.,* 13 Colo. App. 543, 59 Pac. 79; *Phillips v. Denver City Tramway Co.,* 53 Colo. 458, 128 Pac. 460.

The clause in the lease relied upon does not, and can not be held to release the Nonpareil Investment Company from a compliance with either the municipal ordinance or the factory inspection statute. Since the evidence shows a total failure to comply with such requirements a *prima facie* case at least was made out, and should have gone to the jury, with opportunity to the company to submit any proper defense which it might see fit to offer. People for the use of *Manitou v. Groot,* 20 Colo. App. 256, 78 Pac. 310.

The judgment of the trial court in entering an order of non-suit as to defendants Perkins and the Interstate Trust Company is affirmed. The judgment entering a like order in reference to defendants the Nonpareil Investment Company is reversed and the cause remanded for further proceedings as to it not in conflict with this opinion.

Judgment affirmed in part and reversed in part.

Mr. Chief Justice Garrigues and Mr. Justice Burke concur.