## No. 17,435.

CAPITOL FIXTURE AND SUPPLY COMPANY *v.* NATIONAL
FIRE INSURANCE COMPANY OF HARTFORD
(279 P. [2d] 435)

Decided January 24, 1955.

Messrs. GELT & GROSSMAN, Messrs. HORNBEIN & HORN-
BEIN, for plaintiff in error.

Messrs. JANUARY & YEGGE, for defendent in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Defendant in error, a fire insurance company, on May 1, 1946, and November 30, 1946, issued its policies in the amount of $16,000.00 to Frieda I. and Lloyd E. Hall, owners of a restaurant business in Fort Collins, Colorado. Fixtures therein were sold to the owners on April 22, 1946 by plaintiff in error, a fixture and supply corporation, which took back a chattel mortgage for the sum of $3,173.03, representing the unpaid balance of the purchase price. This chattel mortgage was placed of record in Fort Collins, the county seat. A fire which destroyed the restaurant and fixtures occurred December 20, 1946. No mention of the mortgage was made in the policies in any manner. The city fire chief attended the fire and determined that it had been started in nine different places in the restaurant; that there was evidence of kerosene about the premises; he concluded that the fire was of incendiary origin; and this was made known to an officer of the fixture company.

The owners signed a non-waiver agreement on February 4, 1947, in which it was provided that the insurance company might proceed with an investigation without an estoppel or a waiver of the rights of any of the parties. Standard provisions in the policies were: Proof of loss be furnished the insurer within sixty days; that no suit or action be sustainable unless commenced within twelve months next after the inception of the loss; and further, that no action for any claim could be sustained unless all requirements of the policy had been complied with. Forms for proof of loss were supplied the owners, and, on February 27, they furnished the insurer with a duly acknowledged proof of loss in which it was stated: That the fire started from unknown circumstances; that "insured was the sole, absolute and unconditional owner of the property described * * * and no other person or persons had interest therein, either as mortgagee or oth-

erwise; that no encumbrance of said property existed, nor has since been made; nor has there been any change in the title, use, operation, location or business of said property;" and there was a further statement that the premises were occupied under a lease. Representatives of Fire Company's Adjustment Bureau made their investigation, and on March 25, 1947 rejected the proof of loss on several grounds, namely: That the proof did not refer to the insuring company; that the proof of loss was not rendered to the insurance company within sixty days after the alleged loss as provided in the policies; that the document does not reflect the knowledge and belief of the assured as to the origin of the loss; that the company is entitled to a full explanation of the circumstances; and finally, the failure to recite the fact of an encumbrance on the property involved.

Almost three years after the fire this suit was instituted, in which the fixture company, as plaintiff, prayed for judgment on the note—secured by the chattel mortgage—given by defendants, as owners, who confessed judgment on that date against them in favor of plaintiff in the sum of $3,023.03, plus interest and attorney fees. Thereafter plaintiff fixture company caused a writ of garnishment to be issued and served on the insurance company, which answered the interrogatories to the effect that it was not indebted to the owners, defendants; that it denied the claim under the insurance held by defendants; and that the proofs of loss filed by the assured were not accepted because of noncompliance with the policy conditions. Traverse to the answer was filed and trial was had on the issues thus raised.

The trial court entered its written findings to the general effect that the owners, defendants, could not recover; and therefore the garnisher had no more rights than the insured and could not prevail on the issues raised by the traverse; it further found that the claims of plaintiff to the effect that the insurance company had waived the right to claim no liability on the policies on

the ground that proof of loss was not submitted in proper time; that no suit was commenced within the time required; that by reason of its conduct, through its agents, in investigating the cause of the fire, the insured were not lulled into a false security by the conduct of the company; that they knew that the proof of loss had to be filed within the prescribed time, and that any action had to be brought within twelve months from the inception of the loss. The court further found that one of the defendant owners testified that the reason he did not bring suit within the period prescribed was that he did not have funds to pay an attorney's fee; and that finally the issues on the traverse to the answer were decided in favor of the garnishee and against the garnisher and the traverse dismissed; and judgment was accordingly entered.

By the waiver involved, the insurance company did not waive any right to protest the sufficiency of the proof of loss.

Plaintiff garnisher was in no way a party to the contracts of insurance and there was no loss-payable clause in their favor endorsed on the policies. It is to be remembered that Halls, the owners, did not bring any action, but did fail to comply with the provisions of the policy, and in submitting the proof of loss, made a false statement to the effect that there was no encumbrance on the property. While this is not directly material, it is, nevertheless, a false statement, and in some cases such has barred recovery on an insurance policy.

Counsel for plaintiff in error rely upon, and cite, cases to support their contention that the insured were lulled into a sense of security by the actions of the insurer in the matter of the investigation and negotiations discussed or indicated during that period. In taking that view, insured overlooks the fact that a non-waiver agreement was entered into to the effect that any actions or proceedings by either party would not effect a waiver or estoppel. There is no evidence in this case that the

insurer asked for any delay, and also, there is no evidence that even slightly indicated that the non-waiver agreement was signed by the insured under any duress or mistake. The submission of proof of loss within sixty days from the inception of the loss is a specific provision of the policy; is a condition precedent to liability on the part of the insurer; and it is the generally accepted rule that the failure to comply with such requirements within the stipulated time does not void the policy, provided a satisfactory excuse for noncompliance or the delay, is given. The trial court in the instant case, as trier of the facts, determined in effect that the non-compliance was inexcusable. Another specific provision of the policy was that suit must be commenced within twelve months from the inception of the loss. It is noteworthy that in the instant case insured never commenced a suit at any time, and the action here involved was instigated almost three years after the date of the loss by plaintiff in error, which had no contractual rights whatever under the policy and held no assignment of the insured's rights thereunder. It is only a garnisher with no greater right than that possessed by the insured, who failed to comply with the specific provisions of the policy which constituted their contract with the insurer. The policy limitation upon the time within which suit may be instituted is not unreasonable, in fact, our Court of Appeals in an early case upheld the validity of a six-month limitation in such cases. *Daly v. Concordia Fire Ins. Co.*, 16 Colo. App. 349, 65 Pac. 416. The trial court found, and there is no evidence to support any other finding, that, "The insurance company has not by its conduct, or otherwise, waived full compliance by the policy holders of all conditions of the policies." It thus being determined that insured was in no way induced to rely upon negotiations in delaying suit beyond the contract period prescribed, insured was not justified in postponing suit until after the expiration of the contract period in reliance on mere negotiations with the company for a settlement.

46 C. J. S., page 288, section 1264, and cases there cited. The garnisher herein failed to establish the principles upon which it relies either as a matter of fact or of law. The matter of the statute of limitations is not here involved; it is only the contractual limitations contained in the insurance policies. Therefore the judgment of the trial court was correct; accordingly it is affirmed.