381 P.2d 735

**Myrtle W. SHOEMAKER, Plaintiff and Respondent,**

v.

**PIONEER INVESTMENTS, Defendant and Appellant.**

**No. 9765.**

Supreme Court of Utah.

May 24, 1963.

Lionel M. Farr, Salt Lake City, for appellant.

Dean W. Sheffield, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff brought an action to recover possession of certain real property, damages for unlawful detention, and unpaid rent. The lower court gave plaintiff judgment and dismissed defendant's counterclaim. Defendant appeals.

On December 1, 1955, plaintiff entered into a written lease of certain premises owned by her and located in Salt Lake City. The lease was for a term of five years at a rental of $100.00 per month. Defendant went into possession of the property on or about August 27, 1959, by virtue of an assignment of the lease from the original lessees.

The lease required the lessee not only to pay the monthly rental but also to pay the taxes and insurance premiums. It also contained the following provision:

"4. Provided, always, and these presents are upon this condition, that if the lessees or their representatives or assigns shall neglect or fail to perform and observe any covenant herein contained which on the lessees' part is to be performed, * * * then in any such case, the lessor, or those having her estate in the premises, lawfully may, immediately or at any time thereafter, enter into and upon the demised premises or any part thereof in the name of the whole, and repossess the same as of their former estate, and thereupon this demise shall absolutely determine, but without prejudice to any remedies which might otherwise . be

used by the lessor for arrears of rent or any breach of the lessees' covenants herein contained."

Defendant failed to pay the 1959 taxes or rent for December, 1959, and January, 1960. Thereupon, plaintiff caused to be served upon the defendant a "Notice of Termination of Lease" which required defendant to pay the taxes and past due rent or vacate the premises. Defendant, thereupon paid the past due rent, but not the taxes. Defendant's check, given in payment for this rent was returned twice by the bank upon which it was drawn, marked "Return to Maker".

Defendant then failed to pay the rents for February and March. On March 24, 1960, plaintiff directed a letter to defendant terminating the lease and requesting possession of the premises. Thereafter, on March 28, 1960, defendant tendered a check in the amount of $300.00 in payment of the February, March and April rents due, which tender the plaintiff refused. Plaintiff also refused tendered monthly rental payments for all the months from February through December, 1960.

In view of the foregoing events, it is difficult, if not impossible, to understand defendant's claim that plaintiff had waived her rights to prompt payment of the rents and "had contributed to appellant's habit

of failure to pay the monthly rental promptly". This assertion is without merit.

On April 22, 1960, plaintiff caused to be served upon defendant another notice to vacate and, on June 7, 1960, initiated the present suit. However, defendant continued in possession until March 1, 1961, when it abandoned the premises. .

The lower court found that the letter of March 24, 1960, terminated the lease and defendant assigns this as error. This assignment is also without merit. Under the provisions of the lease, above quoted, the plaintiff had the right, upon default, to re-enter, take possession of the property, and terminate the lease. By this provision, defendant waived the right to a demand for payment of the rent before termination could be declared.[1] This being the case, the lower court was correct in holding the lease to have been terminated on March 24, 1960, which made the defendant a tenant at will, and the plaintiff properly proceeded to regain possession by the procedure set forth in Section 78–36–3(2), U.C.A. 1953.[2]

Defendant on November 21, 1960, endeavored to exercise an option to purchase the premises in accordance with a provision in the lease providing for such a privilege. The refusal of plaintiff to recognize the option is the subject matter

---

1. King v. Firm, 3 Utah 2d 419, 285 P.2d 1114 (1955).

2. Ibid.

of defendant's counterclaim. The lower court, having found that the lease had been terminated some eight months prior, properly dismissed the counterclaim.

Affirmed. Costs to plaintiff.

HENRIOD, C. J., and McDONOUGH and WADE, JJ., concur.

CROCKETT, Justice (concurring).

I concur in affirming the judgment but desire to make the following observations. The provisions of 78–36–3, U.C.A. 1953, upon which the defendant relies in insisting that it was entitled to a notice in the alternative requiring it to pay the rent and meet the obligations under the lease or it would be terminated, appear to be designed to afford certain protections to tenants in *possession.* Subsection (3) provides that upon delinquency in rent a notice should be given requiring in the alternative either the payment of rent or vacation of the premises, and subsection (5) provides that where there is a breach of other covenants in a lease, a similar alternative notice to rectify the breach by performing within three days should be given.

These provisions are conditions precedent to the tenant becoming in unlawful detainer and the right of possession in the landlord. The main opinion sets out the provision of the lease, apparently interpreting it to state that upon *re-entry* for breach of the covenants it shall "absolutely determine." That is, terminate. It is my opinion that such a tenant in possession could not properly be deprived of the protections afforded under the unlawful detainer statute by the landlord putting such provisions in a lease contract. The statute declares it to be the policy of our law to afford these protections to the tenant in possession.

In the present case the defendant has voluntarily vacated the premises and thus we are not concerned with the right to possession and the provisions of 78–36–3 relating to unlawful detainer are not applicable. The questions raised here pertain to the plaintiff's right to the payment of rent for the period the defendant was in possession; and whether the lease was properly terminated for nonpayment so that the defendant lost its rights thereunder to exercise an option to purchase the premises.

It is unquestioned that the 1959 taxes on the property and the rent for February and March had not been paid when the plaintiff served the notice of March 24, 1960, to the effect that because of defendant's failure to keep the covenants of the lease it was terminated. If the lease is construed to provide for termination only by re-entry, mere notice would not have been sufficient. The provision here in question is not so limited. Under the provision of the lease the lessor could terminate,

without demand for rent, upon giving notice to the tenant of his intent to do so. This plaintiff did, and terminated defendant's rights under the lease. Thus defendant's attempt to exercise its option in November of 1961 was without effect. The plaintiff would be entitled to the reasonable value of rent for the period defendant remained in possession. On the basis of the evidence there appears to be no difficulty in sustaining the trial court's finding that $100.00 per month was reasonable.

The judgment should be sustained.