591 P.2d 1043 (1979)
In re the MARRIAGE OF Lon H. JOHNSON, Appellee, and
Leslie L. Johnson, Appellant.
No. 78-034.
Colorado Court of Appeals, Div. I.
February 15, 1979.
Michael J. McCarthy, Boulder, for appellee.
Wood, Herzog, Osborn & Bloom, P. C., Charles S. Bloom, Fort Collins, for appellant.
COYTE, Judge.
Alleging that the trial court erred in using the standard of the "best interest of the child" under § 14-10-124, C.R.S.1973, without also requiring "changed circumstances" pursuant to § 14-10-131, C.R.S.1973, the wife appeals from an order of the trial court modifying a custody arrangement. We agree with appellant that a showing of changed circumstances is necessary, and therefore reverse the judgment of the trial court.
The parties' 1975 decree of dissolution of marriage incorporated a stipulation and agreement entered into by the husband and wife in 1974. The decree provided that the parties would have joint custody of their minor child and that the child would reside *1044 with the father during the summer months and the mother during the regular school year.
As to the matters of child custody, the stipulation and agreement stated, "The parties agree that change of circumstances ought not to be the primary consideration inasmuch as the welfare of the child which the parties request the Court keep as primary interest at all times. . . ."
The husband filed a motion for modification of the terms of joint custody, asking that the periods of custody be switched so that the child would reside with him during the school year. This motion was granted by the trial court.
In his motion the husband alleged that changes in circumstances had occurred, but the trial court made no finding of fact on this issue. Instead, it held that the terms of the parties' agreement were controlling, and that: "[T]he Court has ruled upon the motion for modification of joint custody arrangement based upon the best interests of the minor child, Adrian M. J. Johnson, under the factors of section 14-10-124 and not those requirements for modification of custody as set forth in section 14-10-131."
Section 14-10-131, C.R.S.1973, provides:
"(2) The court shall not modify the prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards, the court shall retain the custodian established by the prior decree unless: . . . (c) the child's present environment endangers his physical health or significantly impairs his emotional development and the harm likely to be caused by change of environment is outweighed by the advantage of a change to the child." (emphasis added)
The issue presented on review is whether the parties may, through an agreement incorporated into the decree of dissolution, alter the requirements of this statute. We conclude that they may not.
Although statutory provisions may often be modified by private agreement, this is not permissible where doing so would violate the public policy expressed in the statute or would affect the rights of third parties (here the child) which the statute was designed to protect. University of Denver v. Industrial Commission, 138 Colo. 505, 335 P.2d 292 (1959); Creek v. Nonpareil Investment Co., 66 Colo. 550, 185 P. 473 (1919). The public policy of this state as expressed in the statute favors retention of the child in a stable atmosphere, thus requiring a strong showing, including a change in circumstances, to justify modification of custody. The protection for children created by this statute would be defeated by allowing parents to determine independently that a lesser showing is sufficient grounds for changing custody arrangements.
The husband's contention that his motion amounted only to an alteration in shared custody rather than a modification of custody is a distinction without a difference and does not alter the rule.
The order of the trial court is vacated and the action is remanded to the trial court to make findings based on the standards specified in § 14-10-131(2), C.R.S.1973, and to enter appropriate rulings thereon.
PIERCE and KELLY, JJ., concur.