Charles **EMENYONU**, Plaintiff–Appellant,

v.

**STATE FARM FIRE AND CASUALTY CO.**, Defendant–Appellee.

No. 93CA0446.

Colorado Court of Appeals, Div. I.

Aug. 11, 1994.

Rehearing Denied Oct. 13, 1994.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

James T. Reed, Denver, for plaintiff-appellant.

Weller, Friedrich, Ward & Andrew, Sheryl L. Anderson, Dan W. Hotsenpiller, Denver, for defendant-appellee.

Opinion by Judge METZGER.

In this action to recover damages for alleged bad faith nonpayment of benefits under a tenant homeowners insurance policy, plaintiff, Charles Emenyonu, appeals from the summary judgment entered in favor of defendant, State Farm Fire and Casualty Co., based upon his failure to file a timely action within the policy's one-year limitation period. We affirm in part, reverse in part, and remand the cause to the trial court for further proceedings.

According to the complaint filed in June 1992, plaintiff's apartment was burglarized while he was out of the country in December 1990 and January 1991. The complaint further alleged that many items of personal property were stolen and that plaintiff was entitled to recover their replacement cost from State Farm pursuant to the theft provisions of the policy. In addition, plaintiff alleged that State Farm had unjustifiably refused to pay any part of his loss claim. The complaint asserted claims of bad faith, outrageous conduct, and breach of fiduciary duty.

State Farm filed an answer, alleging that it had used reasonable care in reviewing the claim and that its denial was issued in a reasonable period of time. Among other defenses, State Farm asserted that plaintiff's claims were barred because he had failed to document his claimed loss and had also failed to commence the action within one year after the loss or damage pursuant to the terms of

the policy. Attached to the answer were copies of the policy and State Farm's written denial letter dated October 18, 1991.

State Farm then filed a motion for summary judgment based upon the policy provision prohibiting suit unless plaintiff commenced the action within one year after the date of loss or damage. The motion further asserted that the action had been brought June 29, 1992, and that the alleged theft had occurred no later than January 25, 1991.

Plaintiff filed a response brief in opposition to the motion, asserting that the policy's one-year limitation period was inapplicable to his tort claims. He further argued that the term "action" in the policy was ambiguous and must be construed in his favor to mean only actions arising under the terms of the insurance contract. In addition, plaintiff argued that the term "loss or damage" must be construed in his favor to mean that no loss or damage had occurred until State Farm denied his claims in October 1991.

State Farm filed a reply brief and attached to it copies of letters written from State Farm and its counsel to plaintiff's counsel between March and July 1991.

On December 2, 1992, the trial court denied State Farm's motion, concluding that the policy's one-year limitation period was inapplicable to plaintiff's tort claims.

State Farm filed a motion for clarification or reconsideration; plaintiff did not file a response. The trial court granted the motion, vacated its previous order, and entered summary judgment in favor of State Farm. In so ruling, the trial court determined that the plain terms of the policy limited *all* suits brought against State Farm, not just actions on the contract. It further held that the limitation period began to run on the day of the alleged theft, not the day the claim was denied.

## I.

■ On appeal, plaintiff contends that summary judgment was inappropriate because a genuine issue of material fact existed as to whether State Farm was estopped from asserting the policy's time-limitation provision. We are not persuaded.

■ Once the moving party has established the lack of a triable fact issue, the burden is on the opposing party to demonstrate by relevant and specific facts that a real controversy exists. *Jarnagin v. Banker's Life & Casualty Co.*, 824 P.2d 11 (Colo. App.1991).

Here, in support of its motion for summary judgment, State Farm filed copies of its letters written to plaintiff's counsel in May, June, and July 1991 expressly stating that, in making its continuing demand for an examination under oath and for the production of documents, State Farm was not waiving any defense that might exist. Further, in its letter of June 13, 1991, State Farm advised that plaintiff's delay in appearing for his examination under oath would delay State Farm's decision on his claim.

By comparison, in response to the motion, plaintiff submitted only two exhibits in support of his estoppel argument—a copy of the policy's declarations page and a copy of State Farm's denial letter of October 18, 1991. We note that the denial letter contained the following sentence:

> [T]he recitation which follows in no way acts to waive or estop State Farm Fire & Casualty Company from asserting additional defenses under the policy at any time in the future.

Under these circumstances, we conclude that State Farm established a *prima facie* case demonstrating that it did not intend to waive the issue of plaintiff's compliance with the policy conditions and limitations. Moreover, we conclude that plaintiff failed to come forward with evidence of waiver or estoppel sufficient to establish a real controversy. Accordingly, no genuine factual issue existed in regard to estoppel that would preclude entry of summary judgment on this basis, and we affirm this portion of the trial court's judgment. *See Flickinger v. Ninth District Production Credit Ass'n,* 824 P.2d 19 (Colo. App.1991); *Jarnagin v. Banker's Life & Casualty Co., supra.*

## II.

Plaintiff also contends that the trial court erred in concluding that the policy's suit-

limitation provision barred his tort claims. We agree.

■ An insurance policy is a contract; thus, it should be construed in accordance with general principles of contract interpretation. *Chacon v. American Family Mutual Insurance Co.,* 788 P.2d 748 (Colo.1990).

If a contract provision is clear and unambiguous, the court should not rewrite it. *Urtado v. Allstate Insurance Co.,* 187 Colo. 24, 528 P.2d 222 (1974). Instead, the court must give effect to the plain and ordinary meaning of its terms. *Terranova v. State Farm Mutual Insurance Co.,* 800 P.2d 58 (Colo.1990).

To ascertain whether a contract provision is ambiguous, a court must examine and construe the language in harmony with the plain, popular, and generally accepted meaning of the words employed and with reference to all provisions of the document. *Heller v. Fire Insurance Exchange,* 800 P.2d 1006 (Colo.1990).

### A. Claims of Bad Faith and Outrageous Conduct

■ Specific insurance policy provisions requiring that a suit upon the policy be commenced within 12 months from the inception of the loss have been upheld as reasonable. *See, e.g., Capitol Fixture & Supply Co. v. National Fire Insurance Co.,* 131 Colo. 64, 279 P.2d 435 (1955). However, the enforcement of such provisions has been limited only to those contract claims which arise under the policy itself. It does *not* apply to allegations of bad faith delay or denial of the claim. Thus, in *Flickinger v. Ninth District Production Credit Ass'n, supra,* 824 P.2d at 24, a division of this court held as follows:

> We agree with plaintiff that his tort claim, based upon [the insurer's] alleged bad faith, is not a claim arising 'under' the pertinent policy; it is, rather, a claim that exists independently from the liability imposed by the insurance contract. Hence, we conclude, contrary to the conclusion reached by the trial court, that a contractual time limitation upon the commencement of litigation cannot be applied to bar such a tort claim.

The limitation provision in that case provided:

> Suit against us. You can sue us to recover *under Section 1–Property of this policy* only if:
>
> . . . .
>
> b. You start the lawsuit within one year after the loss occurs. (emphasis supplied)

Here, in contrast, the policy's provision reads as follows:

> **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

Thus, State Farm argues the plain language of the suit-limitation provision in the policy at issue is sufficiently broad to cover not only suits brought under the policy, but also independent tort actions based on bad faith. We disagree.

■ We note that this provision is listed in Section I of the policy, which deals with coverage for property losses. Section II of the policy, dealing with liability, has a separate suit-limitation provision which provides: "Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions." Section II contains no time-limitation provision for bringing an action. Thus, contrary to State Farm's assertion, the plain language of the suit-limitation provision in Section I, when read in conjunction with the suit-limitation provision in Section II of the policy, does not apply to any and all actions brought by an insured.

■ Additionally, in our view, the suit-limitation provision by its terms cannot apply to a tort action based on bad faith. In its first sentence, it requires proof that "there has been compliance with the policy provisions." However, the basis for a first-party bad faith claim is the conduct of the insurer, not that of the insured. *See Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985); *see also* §§ 10–3–1113(1)(a) and 10–3–1113(1)(c), C.R.S. (1987 Repl.Vol. 4A). The language in the suit-limitation provision requiring compliance with policy conditions is more akin to that used in an action under the policy than to an action brought on a bad

faith claim. *See Flickinger v. Ninth District Production Credit Ass'n, supra.*

■ Similarly, we cannot agree with State Farm that the policy's suit-limitation provision bars any claim under the policy that is not filed within one year of the "date of loss or damage."

The basis of a bad faith claim is the insurer's conduct in handling the claim. By definition, an insurer cannot begin processing a claim until it receives notice. *See generally* S. Ashley, *Bad Faith Actions, Liability & Damages* § 5 (1988). And, a loss or damage must have already occurred in order to trigger the notice provision of an insurance policy.

The property loss section of the policy here requires the insured to submit a "sworn proof of loss" within 60 days after the loss. The policy further provides that: "Loss will be payable 60 days after we receive your proof of loss and a. reach agreement with you. b. there is an entry of a final judgment. or c. there is a filing of an appraisal award with us."

These provisions make it clear that the processing of a claim could take more than one year. Indeed, here, the plaintiff filed his claim shortly after January 25, 1991, but State Farm did not deny the claim until October 18, 1991. Yet, according to State Farm's interpretation of the suit-limitation provision, a plaintiff would be precluded from filing any lawsuit if more than one year had elapsed from the date of loss, even though the claim might still be pending. In our view, this result would be both illogical and untenable.

In summary then, because the suit-limitation provision here is applicable by its placement to only one section of the policy and because the provision by a common sense reading of its terms cannot apply to plaintiff's action here, we conclude the trial court erred in ruling that the provision barred plaintiff's tort-based lawsuit.

For the same reasons, the trial court erred in holding that the contractual time limit operated as a bar to plaintiff's tort claims alleging outrageous conduct and bad faith refusal to pay a legitimate claim. Of course,

upon remand, plaintiff will bear the burden of proving these allegations, and we express no opinion on the merits of those claims.

### B. *Claim of Breach of Fiduciary Duty*

■ In support of the judgment, State Farm contends that the summary judgment must be affirmed insofar as it dismissed plaintiff's claim for breach of fiduciary duty. We agree.

This court has previously held that, although an insurer is required to deal with the insured in good faith, the contractual relationship between an insurer and its insured does not give rise to a fiduciary relationship with respect to first party disputes between those parties. *See Bailey v. Allstate Insurance Co.,* 844 P.2d 1336 (Colo. App.1992).

The judgment is affirmed with respect to the estoppel issue and the dismissal of plaintiff's claim for breach of fiduciary duty. With respect to the dismissal of plaintiff's tort claims alleging bad faith and outrageous conduct, the judgment is reversed, and the cause is remanded with directions to reinstate these claims for relief and to conduct further proceedings consistent with the views expressed in this opinion.

STERNBERG, C.J., and ROY, J., concur.